Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/28/2017 08:08 AM CST

IAN T. HINTZ, APPELLANT, V. FARMERS
COOPERATIVE ASSOCIATION, APPELLEE.
___ N.W.2d ___

Filed February 28, 2017.    No. A-16-267.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or
   award of the Workers' Compensation Court may be modified, reversed,
   or set aside only upon the grounds that (1) the compensation court acted
   without or in excess of its powers; (2) the judgment, order, or award was
   procured by fraud; (3) there is not sufficient competent evidence in the
   record to warrant the making of the order, judgment, or award; or (4)
   the findings of fact by the compensation court do not support the order
   or award.
2. ____: ____. In determining whether to affirm, modify, reverse, or set
   aside a judgment of the Workers' Compensation Court, an appellate
   court reviews the trial judge's findings of fact, which will not be dis-
   turbed unless clearly wrong.
3. ____: ____. Regarding questions of law, an appellate court in workers'
   compensation cases is obligated to make its own decisions.
4. **Workers' Compensation: Proof.** Under the Nebraska Workers'
   Compensation Act, a claimant is entitled to an award for a work-related
   injury and disability if the claimant shows, by a preponderance of the
   evidence, that he or she sustained an injury and disability proximately
   caused by an accident which arose out of and in the course of the claim-
   ant's employment.
5. ____: ____. To recover workers' compensation benefits, an injured
   worker is required to prove by competent medical testimony a causal
   connection between the alleged injury, the employment, and the
   disability.
6. **Trial: Expert Witnesses.** The sufficiency of an expert's opinion is
   judged in the context of the expert's entire statement.
7. ____: ____. The value of an expert witness' opinion is no stronger than
   the facts upon which it is based.

- 562 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

Appeal from the Workers' Compensation Court: Thomas E. Stine, Judge. Reversed and remanded with directions.

Thomas R. Lamb and Richard W. Tast, Jr., of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Jason A. Kidd, of Engles, Ketcham, Olson & Keith, P.C., for appellee.

Inbody and Pirtle, Judges, and McCormack, Retired Justice.

McCormack, Retired Justice.

## INTRODUCTION

Ian T. Hintz appeals from an order of the Workers' Compensation Court denying his claim for workers' compensation benefits from his former employer, Farmers Cooperative Association (Farmers). On appeal, Hintz argues that the compensation court erred in finding that his injuries were not causally related to his work accident. For the reasons set forth below, we reverse the decision of the compensation court and remand the cause with directions.

## BACKGROUND

On November 13, 2014, Hintz was working as a tire technician for Farmers. Hintz' job involved changing and fixing all types of tires. On the morning of November 13, Hintz was working on the repair of a tire for a semitrailer. He had patched a hole in the tire and was attempting to refill the air in the tire when the tire exploded. At the time of the explosion, Hintz was kneeling directly in front of the tire. The force of the explosion threw Hintz approximately 10 feet. He landed on his back, could not feel his legs, had pain in his hips and his groin area, and heard "a whistling" in his ears. A few moments after the incident, Hintz was able to get up and walk, but he had to "drag" his right leg behind him.

Hintz left work immediately after the explosion, because he was in a great deal of pain. He did not return to work the next

- 563 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

day, a Friday, because he continued to be in pain. However, Hintz did not seek any medical care for his injuries in the days immediately following the incident.

Hintz returned to work at Farmers on the Monday following the incident. While Hintz indicated that he was only able to work "a little" at that time, Farmers offered evidence which suggested that in the days and weeks after Hintz returned to work, he was able to complete all of his job requirements. Such evidence includes Hintz' payroll records and the testimony of his coworkers that Hintz returned to work the Monday after the incident and resumed his normal job duties without any notable problems.

A few weeks after the November 13, 2014, incident, on December 4, Hintz tripped while walking up some stairs at his home. The next day, Hintz sought medical treatment with Dr. James Gallentine, a doctor with an orthopedic and sports medicine center. Hintz reported to Dr. Gallentine that he was suffering from pain in his right leg. He indicated that the pain began the night before when he tripped on his stairs and hit his right hip and knee. Hintz also told Dr. Gallentine about the November 13 incident at work. However, he told Dr. Gallentine that since that incident, he had returned to work and "was jumping on and off trucks without any difficulty." Dr. Gallentine prescribed pain medication for Hintz and told him not to return to work for a few days.

Hintz continued to report pain in his right hip and leg. As a result of Hintz' reports, Dr. Gallentine ordered him to undergo an MRI. The results of the MRI revealed that Hintz was suffering from a "superior labral tear and also some irregularity in the posterior labrum with a possible paralabral cyst forming." Dr. Gallentine referred Hintz to Dr. Justin Harris "for a possible hip arthroscopy." On December 19, 2014, Dr. Gallentine indicated that Hintz should remain off work until further notice. Because he could not work, Hintz completed an application for short-term disability benefits from Farmers. On the application, Hintz indicated that he was temporarily,

- 564 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

totally disabled. He also indicated that his condition was not related to his occupation.

On December 30, 2014, Hintz was examined by Dr. Harris. In Dr. Harris' notes from this examination, he indicates that Hintz has been experiencing pain in his right hip since December 4, when he "tripped going up stairs." Dr. Harris' notes do not mention the November 13 incident at Farmers.

On February 25, 2015, Hintz underwent surgery to repair the injuries to his hip. The surgical procedures performed included a right hip arthroscopy and labral repair. Dr. Harris indicated that after the surgery, Hintz was to continue to remain off work until at least his next scheduled appointment in 6 weeks.

After the surgery, Hintz continued to complain of pain in his right hip and leg. He participated in physical therapy and was prescribed pain medication, but did not report any notable improvements to his condition.

In March 2015, Farmers terminated Hintz' employment because he had not been to work in over 3 months. A few days after Hintz was fired from Farmers, he attended an appointment with Dr. Harris. At this appointment, Hintz told Dr. Harris that his hip injury was caused by a "tire [blowing] up on him two weeks prior to . . . seeking medical care."

On April 21, 2015, Hintz filed a petition with the Nebraska Workers' Compensation Court. In the petition, Hintz alleged that he had sustained personal injury in an accident arising out of and in the course of his employment on or about November 13, 2014, and that, as a result, he was entitled to disability benefits. On May 7, 2015, Farmers answered Hintz' petition, denying most of Hintz' assertions. In addition, Farmers affirmatively alleged that any injury or disability Hintz was suffering from was not caused by a "work-related accident."

On May 18, 2015, Dr. Harris authored a letter to Hintz' counsel. In the letter, he discusses Hintz' injury to his right hip and the cause of that injury. Dr. Harris stated:

- 565 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

I understand that causation is an issue in this case. When the patient initially presented to me on December 30, 2014, the history that was entered into our notes states that the patient had tripped up his stairs on December 4 . . . . The work injury was not documented at that time.

. . . .

As I have had the opportunity to discuss the case with [Hintz] since our initial visit, he makes it very clear to me that his symptoms all started with his work injury and that he was basically trying to deal with these on his own in order to keep working until the symptoms became unrelenting in December.

Unfortunately, the documentation that we have in our notes does not necessarily corroborate what [Hintz] is currently stating. It should be noted, however, that the labral tear that we found at surgery was relatively severe and the mechanism of injury seems much more likely to be a high energy work injury as opposed to simply falling up the steps in order to create this type of labral tear.

Also on May 18, 2015, Dr. Gallentine authored a letter to Hintz' counsel. In the letter, Dr. Gallentine specifically discusses the cause of Hintz' injury. He stated:

It is very difficult to specifically assign causation to one event versus the other in the case of . . . Hintz. An individual could certainly have hip related pain and labral pathology from the injury as reported at work on the 13th of November. He also could have similar findings from a fall as he noted having on December 5 [sic], 2014. I do not know that there is any reasonable degree of medical certainty that would specifically assign his injury to one event versus the other. I would certainly be willing to defer to Dr. . . . Harris' opinion as he did perform a hip arthroscopy on . . . Hintz and would have had a more direct evaluation of the actual intraarticular pathology

- 566 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

noted at that time and whether this could be assigned more directly to one event or the other.

A third doctor also opined on the cause of Hintz' hip injury. Dr. Dennis Bozarth, from an orthopedic center, reviewed Hintz' medical records at the request of Farmers' counsel and, on June 8, 2015, authored a letter concerning the cause of Hintz' injury. In the letter, Dr. Bozarth states that although he "can't say to a reasonable degree of medical certainty that the work event on November 13, 2014 had any factor in [Hintz'] complaints of right hip pain," he believes that "more likely than not, [Hintz' hip injury] is related to a trip and fall at home." Dr. Bozarth concluded,

> [t]herefore after review of the available medical records, more likely than not, my opinion is that . . . Hintz did have an accident at work where a tire did blow up, injuring his left lower extremity. This did resolve, and he was working without restrictions. A new incident occurred on November 25 [sic], 2014, causing his right hip to become symptomatic.

In January 2016, the Nebraska Workers' Compensation Court conducted a hearing on Hintz' petition for disability benefits. At the hearing, Hintz testified concerning the incident at Farmers on November 13, 2014, his accident at home on December 4, and his resulting injury and medical care.

Hintz testified that he did not seek any medical care immediately after the November 13, 2014, incident because he thought he needed to complete an accident report prior to seeking medical care and Farmers did not supply him with such a report. He also indicated that he did not seek any medical care because he was concerned that if he did, he would get Farmers "in trouble." Hintz testified that he was only able to work "a little bit" after the November 13 incident. He testified that when he filled out his paperwork for short-term disability benefits, Farmers instructed him that if he wanted to remain employed at Farmers, he needed to report that his injury was not the result of a work accident.

- 567 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

Hintz testified that his fall up the stairs at his home on December 4, 2014, was due to the lingering effects of the leg injury he suffered during the November 13 incident. Hintz indicated that prior to being involved in the tire explosion at Farmers, he had never had any problems with his right leg or right hip. Hintz testified that he told Dr. Harris about the tire explosion during their first encounter and that Dr. Harris believes that the injury to his right hip is the result of the November 13 incident.

On February 11, 2016, the compensation court entered an order denying Hintz any workers' compensation benefits. The court noted that both parties agreed that Hintz had a work accident on November 13, 2014. However, the court found that any injury Hintz suffered as a result of the work accident was resolved within 3 days. It further found that Hintz' right hip injury which required surgery was the result of a fall on his stairs at home and not the work accident.

Hintz appeals.

## ASSIGNMENTS OF ERROR

Hintz asserts, restated and consolidated, that the compensation court erred in finding that there was not a causal relationship between his injuries and the November 13, 2014, incident at Farmers and that, as a result, he was not entitled to any disability benefits.

## STANDARD OF REVIEW

[1-3] A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Rader v. Speer Auto*, 287 Neb. 116, 841 N.W.2d 383 (2013);

- 568 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

*Contreras v. T.O. Haas*, 22 Neb. App. 276, 852 N.W.2d 339 (2014). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, an appellate court reviews the trial judge's findings of fact, which will not be disturbed unless clearly wrong. *Id*. Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions. *Id*.

## ANALYSIS

[4,5] Under the Nebraska Workers' Compensation Act, a claimant is entitled to an award for a work-related injury and disability if the claimant shows, by a preponderance of the evidence, that he or she sustained an injury and disability proximately caused by an accident which arose out of and in the course of the claimant's employment. See *Schlup v. Auburn Needleworks*, 239 Neb. 854, 479 N.W.2d 440 (1992). Moreover, to recover workers' compensation benefits, an injured worker is required to prove by competent medical testimony a causal connection between the alleged injury, the employment, and the disability. *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998).

In this case, the compensation court found that Hintz failed to prove that his injury arose out of and in the course of his employment at Farmers. Specifically, the compensation court found that "there is no medical evidence to substantiate a causal relationship between [Hintz'] right hip impingement syndrome and acetabular labral tear, his employment with [Farmers], and any resultant disability." Upon our review of the record, we conclude that this finding by the compensation court is clearly wrong. Hintz presented credible medical evidence to prove that his injury was the result of the November 13, 2014, incident at Farmers.

At trial, Hintz offered into evidence a letter authored by Dr. Harris, the doctor who performed his hip surgery. In this letter, Dr. Harris stated, "the labral tear that we found at surgery was relatively severe and the mechanism of injury

- 569 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

seems much more likely to be a high energy work injury as opposed to simply falling up the steps in order to create this type of labral tear." Dr. Harris' medical opinion supports Hintz' position that his injury was caused by the tire explosion at Farmers and not by his tripping up the stairs at home. Additionally, we note that Dr. Harris' opinion is particularly significant because, as Hintz' surgeon, he is the only doctor who was able to observe Hintz' actual injuries closely and thoroughly. In fact, Dr. Gallentine, Hintz' treating physician, specifically indicated that he would defer any opinion as to the cause of Hintz' injuries to Dr. Harris:

> I would certainly be willing to defer to Dr. . . . Harris' opinion as he did perform a hip arthroscopy on . . . Hintz and would have had a more direct evaluation of the actual intraarticular pathology noted at that time and whether this could be assigned more directly to one event or the other.

Despite Dr. Harris' unique position as being the only doctor who observed Hintz' injuries, the compensation court wholly rejected his opinion as to causation. In rejecting Dr. Harris' opinion, the compensation court found that Harris' "opinions are based on an inconsistent history given by [Hintz] and, therefore, [his] opinions lack a credible foundation." This finding is clearly wrong and is not supported by the evidence. As we discussed above, Dr. Harris' opinion about causation is based on his observations of Hintz' injuries during the surgery. While Dr. Harris does acknowledge that there was some inconsistency in Hintz' reports of how he was injured, ultimately, Dr. Harris relied on his personal observations of Hintz and his injuries in forming his opinion that Hintz' injuries were caused by the November 13, 2014, incident at Farmers. Dr. Harris' observations of Hintz during surgery provide a competent, credible foundation for his opinion of causation.

[6,7] Additionally, we note that Dr. Bozarth, the only other doctor who offered an opinion about the cause of Hintz' injuries, did not ever examine Hintz, but, rather, merely reviewed

- 570 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

Hintz' relevant medical records. A reading of Dr. Bozarth's opinion of causation reveals that it is not based on any medical conclusions, but, instead, is based entirely on Hintz' inconsistent reports of the precise onset of his injury. Dr. Bozarth stated:

> The onset of right hip pain, more likely than not, is related to a trip and fall at home on November 25 [sic], 2014, as documented by Dr. Gallentine on December 5, 2014, noting the fall on his hip. It does make mention of the semi tire blowing up and throwing him back 15 feet, and it was also noted that he was able to return to work jumping off and on trucks without any difficulty. He did note some possible swelling in the legs and noted that after the semi tire incident, at least from my reading of this, that he had some swelling in his legs that had improved but now had returned at that visit.

The sufficiency of an expert's opinion is judged in the context of the expert's entire statement. *Bernhardt v. County of Scotts Bluff*, 240 Neb. 423, 482 N.W.2d 262 (1992). Furthermore, the value of an expert witness' opinion is no stronger than the facts upon which it is based. See *id*. Because Dr. Bozarth's opinion is not based on any medical conclusions, we conclude that his opinion does not constitute competent medical testimony.

Dr. Harris provided competent medical testimony which indicated that Hintz' injuries were caused by the November 13, 2014, incident at Farmers. Dr. Harris' opinion of causation was based on his personal observations of Hintz' injuries during surgery, and the opinion was essentially unrebutted by any other competent medical testimony. Accordingly, we conclude that the compensation court erred in finding that there was no medical evidence to support Hintz' contention that his injury was caused by the tire explosion at Farmers. We reverse the compensation court's order denying Hintz' claim for workers' compensation benefits and remand the cause with directions for the court to reconsider the claim in light of Dr. Harris'

- 571 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
HINTZ v. FARMERS CO-OP ASSN.
Cite as 24 Neb. App. 561

competent medical opinion of causation and considering the "beneficent purpose" of the Nebraska Workers' Compensation Act. See *Jackson v. Morris Communications Corp.*, 265 Neb. 423, 431, 657 N.W.2d 634, 640 (2003).

## CONCLUSION

Upon our review, we conclude that the compensation court was clearly wrong in finding that there was "no medical evidence to substantiate a causal relationship between [Hintz' injury], his employment with [Farmers], and any resultant disability." Given this incorrect factual finding, we reverse the decision of the compensation court which denied Hintz' claim for workers' compensation benefits and remand the cause with directions for the court to reconsider the claim in light of Dr. Harris' competent medical opinion of causation and considering the beneficent purpose of the Nebraska Workers' Compensation Act.

Reversed and remanded with directions.